# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540          Telephone: (212) 317-1200
New York, New York 10165                 Facsimile: (212) 317-1620
_____

jbarton@faillacelaw.com

August 26, 2015

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
 Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

       Re:    Ramiro Villarreal, et al. v. Joy Burger Bar, Inc.; 15-cv-01232 (VEC)

Your Honor:

      This office represents Plaintiffs Ramiro Villarreal and Roly Soto ("Plaintiffs") in the above referenced matter. Pursuant to Your Honor's Order dated August 13, 2015, Plaintiffs write jointly with Defendant Elizabeth Green ("Defendant Green") to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. We therefore ask the Court to approve the settlement and dismiss the case with prejudice as to Defendant Green. We are aware of the Court's decision in <u>Wolinsky v. Scholastic Inc.</u>, 11 Civ. 5917, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012), and represent to the Court that while the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial against Defendant Green, the settlement is fair, as discussed herein.

    1.  **Background**

      Plaintiffs bring this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

      Specifically, Plaintiffs were employed as delivery workers by Defendant Green[1], who runs a restaurant. Plaintiffs allege Defendant Green forced Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations; rather, Defendants paid Plaintiffs at the lower NYLL tip-credit rate, an allowance Plaintiffs allege Defendants were not allowed to

---

[1] Defendant Green purchased ownership of the defendant restaurant, Joy Burger Bar, from her co-defendants in approximately September 2013. Accordingly, Plaintiffs are settling with Defendant Green for the period she owned the restaurant. Plaintiffs are also settling claims they have against Defendant Green's corporation for the restaurant, Moonblu, Inc. (not named in the complaint).

utilize. Plaintiffs also allege Defendant Green violated the spread of hours, wage statement, and notice and recordkeeping provisions of the NYLL.

Defendant Green categorically denies the allegations in the Complaint.

2. **Settlement Terms**

Under the settlement, Defendant Green will pay a total of $17,500 in one lump sum.[2] Of the settlement amount, $10,500 will go to the Plaintiffs, and $7,000 to the Plaintiff's attorneys, in accordance with Plaintiffs' retainer agreements with their attorneys.

Plaintiffs allege they are entitled to back wages of approximately $9,622.85 from Defendant Green. Plaintiffs estimate that if they had recovered in full for their claims, exclusive of attorneys' fees, they would be entitled to approximately $37,918.55 consisting of: (1) unpaid wages of $9,622.85; (2) liquidated damages of $19,245.70; and (3) penalties for violating the NYLL wage statement and notice provisions of $9,050. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendant Green, is attached as Exhibit "A."

From the settlement amount, Plaintiffs Soto and Villareal will recover $6,090 and $4,410 respectively. The distribution will be done on a pro rata basis in accordance with the percentage of the total unpaid wages each Plaintiff is entitled to (Soto's claims comprise 58% of the total unpaid wages sought, while Villareal's claims comprise 42%).

While the FLSA imposes the obligation to pay unpaid overtime compensation and an additional equal amount as liquidated damages on employers who violate its requirement that overtime wages be paid, courts may enter judgments even without full payment of liquidated damages after scrutinizing the proposed settlements for fairness. Elliott v. Allstate Investigations, Inc., 2008 U.S. Dist. LEXIS 21090, *4 (S.D.N.Y. March 19, 2008)(citations omitted). While the proposed settlement amount is less than the full amount of Plaintiffs' recovery if Plaintiffs were to successfully prosecute their claims, the settlement is nonetheless reasonable because of the risk to the Plaintiffs that they may not prevail on some or all of their claims. For example, Defendant Green was adamant about her entitlement to pay Plaintiffs at the lower tip credit rate, while Plaintiffs disputed this entitlement. Moreover, Defendant Green maintained that she complied with the NYLL wage statement and notice provisions. If Defendant Green was ultimately successful with these defenses, they may have proved fatal to Plaintiffs' case.

3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the terms of Plaintiffs' retainer agreement with counsel, Plaintiffs' counsel will receive $7,000 from the settlement fund as attorneys' fees and costs. The retainer agreements are collectively attached hereto as Exhibit "B." $700.00 of this represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees, and mail delivery). The remaining portion represents the attorneys' fees incurred by Plaintiffs' counsel in litigating and settling this matter.

---

[2] Defendant Green has already submitted payment per the terms of the parties' agreement. However, the payment is being held in Plaintiffs' counsel's escrow account pending final approval of the settlement.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $10,768.75, making the fee counsel will receive under the agreement less than their lodestar. Hens v. ClientLogic Operating Corp., No. 05 Civ. 3815, 2010 U.S. Dist. LEXIS 139126, at *7-8 (W.D.N.Y. Dec. 21, 2010) (quoting McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010)) (approving as reasonable fees and costs which were less than plaintiffs' counsel's lodestar). The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

 i. Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

 ii. Joshua Androphy is a senior associate at Michael Faillace & Associates, P.C. His time is billed at an hourly rate of $400.00. This is his standard rate for matters on which he is paid at an hourly rate. Mr. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Mr. Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star in 2014.

 iii. I, Jesse Barton, am an associate at Michael Faillace & Associates, P.C., and am billed at the rate of $375 per hour. This is my standard rate for matters on which I am paid at an hourly rate. I graduated from Fordham Law School in 2012. Following law school, I practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. I recently joined the firm of Michael Faillace & Associates, P.C.

 In addition, the costs and fees requested are in accordance with the Plaintiffs' engagement agreement with counsel, which provided that counsel would receive their reasonable attorneys' fees and be reimbursed for costs incurred. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

 Given Plaintiffs' counsel's significant experience in representing Plaintiffs in the New York City area, Plaintiffs' counsel was able to obtain an excellent result in a relatively expeditious and efficient manner. Counsel in this case expended significant time negotiating the settlement

throughout extensive settlement discussions with Defendant. Accordingly, the time spent by Plaintiffs' counsel on this case was reasonable.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

### 4. **Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded. Additionally, dismissal of this action as to Defendant Green will not prejudice anyone other than the named Plaintiffs; no other employees have come forward, nor would they be prejudiced by dismissal of these claims.

In full consideration of all the issues, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' settlement agreement is submitted herewith (Exhibit "C") along with a breakdown of Plaintiffs' counsel's fees and costs (Exhibit "D"). Upon the court's determination that the proposed agreement is fair, the parties will file all necessary documents to terminate this matter.

Respectfully Submitted,

_____/s/_____

Jesse S. Barton, Esq.

Encls.

Cc: Defendants' counsel (via ECF)